IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD MALONE, III  #381971**                                                            **PETITIONER**

**V.**                                                   **CIVIL ACTION NO. 1:15cv354-LG-RHW**

**EVAN HUBBARD, Warden**                                                                  **RESPONDENT**

### REPORT AND RECOMMENDATION

Before the Court are [1] the October 23, 2015 petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Donald Malone, III, and Respondent's December 2, 2015 motion to dismiss for failure to state a claim upon which relief can be granted and for failure to exhaust state court remedies, pursuant to 28 U.S.C. § 2254 (b) and (c).  [6]  Malone has filed no response to the motion.  Having reviewed the pleadings, records on file, and applicable law, the undersigned is of the opinion that Respondent's Motion to Dismiss should be granted.

### Facts and Procedural History

On February 18, 2008, Donald Malone, III pled guilty to armed robbery and burglary of a dwelling in Case B2401-2006-696 in the Circuit Court of Harrison County, Mississippi.  He was sentenced to concurrent sentences of 15 years for each crime, with ten years suspended, five years to serve in custody of the Mississippi Department of Corrections (MDOC), and three years post-release supervision.  Four other charges pending against Malone were passed to the files.[1]  [6-1]

On February 19, 2014, Malone was arrested for cocaine possession with intent to transfer or distribute. [1, p. 7]  This led to the revocation of his previously suspended sentence, and to his

---

[1] Counts II and III of Case B2401-2006-696, and cases 2005-554 and 2007-346. [6-1]

being sentenced on May 13, 2014 to serve the remaining ten years in Case B2401-2006-696. [6-2] Malone was indicted on the drug charge on September 29, 2014 in Case B2401-2014-601. [1, p. 7], [6-3] By order of October 26, 2015, the Harrison County Circuit Court set Malone's trial on the drug charge for December 7, 2015. [6-4]

In the meantime, on October 23, 2015, Malone filed the instant federal habeas petition asserting that (1) Gulfport Police searched his car after he was already under arrest for fleeing, eluding and a suspended license; (2) his due process rights were violated by the failure to promptly provide him an initial appearance and (3) preliminary hearing; and (4) he received ineffective assistance of counsel. Malone asks the Court to dismiss the drug charge against him and to "give [him] some relief" on his probation revocation. [1, p. 8]

Malone's challenge to his pretrial detention on the drug charge, for which he was indicted but had not been convicted when he filed this petition, is considered under 28 U.S.C. § 2241. A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987). The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973).

There are limits to the federal habeas relief available to pretrial detainees. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). For instance, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. And a

petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court distinguishes between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense and a petitioner seeking only to enforce the state's obligation to promptly bring him to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490; *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit has held the distinction is based on the type of relief requested by the petitioner. *Brown v. Estelle*, 530 F.2d at 1283. If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes;" if he is attempting to "force the state to go to trial," then he is merely seeking to require the state to fulfill its obligation to provide him a speedy trial. *Id.* While the latter is grounds for federal habeas relief, the former is not; "an attempt to dismiss an indictment or otherwise prevent a prosecution ... is normally not attainable through federal habeas corpus." *Id.;  Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502-508 (E.D. La. 1988)("a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him."). Malone's request for dismissal of the drug charge pending in state court is clearly an attempt to prevent the prosecution of his drug indictment, *i.e.*, to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1282-83. Federal habeas relief is not available for such claims.

Even if Malone's petition should somehow be construed as a request to force the State of Mississippi to bring him to trial, he is required to exhaust his claims in state court prior to

pursuing a federal habeas corpus petition.  *See Dickerson*, 816 F.2d at 228.  To satisfy the exhaustion requirement, a federal habeas petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  That is, he must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."  *Id.*, at 839.  "Not only must the petitioner present the question to the state courts but he must also exhaust all available remedies to procure a correction of the claimed error from the state courts. 28 U.S.C. § 2254(b)." *Edwards v. Thigpen*, 595 F. Supp. 1271, 1277, (S.D. Miss. 1984), *aff'd,* 849 F.2d 204 (5th Cir. 1988), *cert. denied,* 489 U.S. 1059, 109 S.Ct. 1328, 103 L.Ed.2d 597 (1989).  Full exhaustion of all claims presented is required before federal habeas corpus relief is available.  *See Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990).  Nothing before this Court demonstrates that Malone has exhausted his state court remedies, nor has Malone shown any special circumstances warranting federal court intervention in the pending state court prosecution.  *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993) (holding exhaustion requirement may be excused only in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference"); *Dickerson*, 816 F.2d at 227 (holding that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement").  Malone has presented nothing which would relieve him of the duty to exhaust the state court remedies available to him.  Therefore, should Malone's claims be construed as a request to force the State of Mississippi to bring him to trial, the undersigned recommends they be dismissed as unexhausted.

**RECOMMENDATION**

Upon due consideration of the Petition, pleadings on file and relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that [6] Respondent's Motion to Dismiss should be granted, and Malone's petition, dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2015), after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk any written objections to it.  Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 26th day of April, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE